UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PATRICIA SANTORO, CHET SANTORO    :    NO.: 301CV01724 (AVC)

                                          :

v.                                       :

                                          :

BRUCE STORM                      :    MAY 5, 2004

## MOTION FOR SANCTIONS

Pursuant to Fed. R. Civ. P. § 37 (d), the defendant, Bruce Storm, hereby moves

for sanctions against the plaintiffs, Patricia and Chet Santoro, and their attorney, Kim

Coleman Waisonovitz, for improperly adjourning the plaintiffs' properly noticed

depositions on April 13, 2004.

Fed. R. Civ. P. § 37 (d) provides in relevant part:

> If a party . . . fails (1) to appear before the officer who is take the
> deposition, after being served with a proper notice . . . the court in which
> the action is pending may make such orders in regard to the failure as
> are just. . . . In lieu of any order or addition thereto, the court shall
> require the party failing to act or the attorney advising that party or both
> to pay the reasonable expenses, including attorney's fees, caused by the
> failure unless the court finds that the failure was substantially justified or
> that other circumstances make an award of expenses unjust.

For the foregoing reasons, the defendant seeks payment of costs and

attorney's fees for the plaintiffs' failure to attend their duly noticed depositions.

1.      On February 13, 2004, the defendant noticed the continuation of the deposition of Chet Santoro and re-noticed the deposition of Patricia Santoro for April 6, 2004, at 10:00 a.m. and 12:00 p.m, respectively. (Deposition Notices, February 13, 2004, copies attached as **Exhibit A**).  A cover letter accompanied the deposition notices indicating that "if the date and times are an undue burden to you or your clients, please contact this office immediately.  Otherwise, the depositions will proceed accordingly." (Letter to Attorney Kit Engstrom, February 12, 2004, copy attached as **Exhibit B**).

2.      Despite the fact that defense counsel had provided the plaintiffs with approximately seven weeks notice, plaintiffs' counsel contacted defense counsel four days prior to the scheduled depositions indicating that no one in their office was available to cover the depositions of the plaintiffs.  Defense counsel agreed to reschedule the depositions to accommodate plaintiffs' counsel's schedule provided that a date was agreed upon.  Defense counsel offered April 7, April 9 and April 13 as possible dates on which he would available to depose the plaintiffs.  The parties ultimately agreed that the plaintiffs' depositions would be rescheduled for April 13, 2004, as this was the only date on which plaintiffs' counsel would be available.  On April 5, 2004, the defendant re-noticed the plaintiffs' depositions for April 13, 2004. (Copies attached as **Exhibit C**.)

3.      On the afternoon of April 12, 2004, plaintiffs' counsel contacted defense counsel to request that the deposition of Chet Santoro commence at 10:30 a.m. instead of the scheduled time of 10:00 a.m.  Defense counsel agreed to the change in time.  On the morning of the deposition, plaintiffs' counsel requested that the deposition start at 11:00 a.m. instead of 10:30 a.m. and defense counsel agreed to this request.

4.      On April 13, 2004, defense counsel arrived at the law offices of Williams & Pattis ready to proceed with the plaintiffs' depositions.  The plaintiffs were waiting in the lobby ready to proceed with their depositions as well.  At approximately 11:25 a.m., plaintiffs' counsel, Attorney Kim Coleman Waisonovitz, informed defense counsel that she had excused both Patricia and Chet Santoro from attending their properly noticed depositions on the basis that she did not have an appearance in the file.  (Transcript, Scheduled Deposition of Chet Santoro, pp. 3-4, copy attached as **Exhibit D**).

5.      Defense counsel incurred incurred time in traveling to New Haven, fees for parking in New Haven and the cost of the court reporter.

Defense counsel has been extremely cooperative in agreeing to reschedule the depositions of the plaintiffs pursuant to the request of plaintiffs' counsel to accommodate plaintiffs' counsel's schedule.  Despite defense counsel's cooperation with respect to the scheduling of the plaintiffs' depositions, plaintiffs' counsel unilaterally decided to cancel the depositions of the plaintiffs on April 13, 2004 without

any justification.  The plaintiffs appeared for the depositions and were ready to

proceed; however, plaintiffs' counsel opted to excuse them from the deposition instead

of filing an appearance in this matter.  (Exhibit D, p. 5).  The defendant contends that

Attorney Waisonovitz could have simply prepared an appearance and proceeded with

the depositions as scheduled.

The following fees and costs have been incurred with respect to this matter:

| | | | |
|---|---|---|---|
| a. | Attorney's Fees | | $ 312.50 |
| | (copy of bill attached as **Exhibit E**) | | |
| c. | Parking Fees | | $   8.00 |
| | (receipt attached as **Exhibit F**) | | |
| d. | Court Reporter | | $ 109.71 |
| | (receipt attached as **Exhibit G**) | | |

The defendant now seeks payment of his legal fees and costs in the

amount of $ 430.21.

WHEREFORE, the defendant, Bruce Storm, respectfully requests that the court order the plaintiffs to pay the costs and attorney's fees associated with depositions of the plaintiffs that were unjustifiably canceled on April 13, 2004.

DEFENDANT,
BRUCE STORM

By
David S. Monastersky, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
ct13319

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 5th day of May, 2004.

Katrina Engstrom, Esquire
Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

David S. Monastersky