UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA SANTORO and  :
CHET SANTORO         :
   Plaintiff,       :
                     : 3:01CV1724(AVC)
VS.                   : Civil No. 3:01CV1908 (AVC)
                     :
BRUCE STORM          :
   Defendant.        :

### ORDER TO PLAINTIFFS' COUNSEL TO COMPLY WITH LOCAL RULE 56

This is an action for damages brought pursuant to, <u>inter alia</u>, 42 U.S.C. § 1983. On June 1, 2004, Bruce Storm filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). On June 1, 2004, the defendant also filed a Local Rule 56(a)(1) statement of material facts not in dispute.

On July 14, 2004 the plaintiffs filed a response to the defendant's motion. The plaintiffs, however, failed to file a "Local Rule 56(a)(2) Statement" as required by Local Rule of Civil Procedure 56. The District of Connecticut Local Rule of Civil Procedure 56(a)(2) provides that:

> The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)(2) Statement," which states in separately number paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)(1) Statement whether each of the facts is admitted or denied. The Local Rule 56(a)(2) Statement must also include in a separate section a list of each material fact as to which it is contended there is a genuine issue to be tried.

Conn. L. R. Civ. P. 56(a)(2). The rule further requires that each paragraph of the plaintiff's Local Rule 56(a)(2) statement "must be followed by a citation to (1) the affidavit of a witness

competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

Failure to comply with this rule may result in all of the facts contained in the defendant's Local Rule 56(a) statement being deemed admitted by the plaintiff, see Conn. L. R. Civ. P. 56(a)(1), or as grounds for granting the defendant's motion, see Booze v. Shawmut Bank, Connecticut, 62 F.Supp.2d 593, 595 (D. Conn. 1999).

In this case, the plaintiff has failed to comply with Conn. L. R. Civ. P. 56. Therefore, the court hereby orders that the plaintiff comply with Conn. L. R. Civ. P. 56. Failure to comply may result in sanctions. The plaintiff shall have to and including August 13, 2004 to comply with this order.

It is so ordered this 22nd day of July, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge