UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAT SANTORO, ET AL,<br>Plaintiffs | CIVIL CASE NO.:<br>3:01CV01724 (AVC) |
| V. | |
| BRUCE STORM, ET AL,<br>Defendants | AUGUST 12, 2004 |

## LOCAL RULE 56(a)2 STATEMENT

Pursuant to Local Rule 56(a)2, plaintiffs submit this statement admitting or denying the facts as presented in defendant's Local Rule 56(a)1 statement. In addition, plaintiffs present their statement of material facts in dispute in Section II of this statement.

### Section I.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied - Multiple statements of facts make it impossible to admit or deny.
8. Admitted.

9. Denied- Multiple statements of facts make it impossible to admit or deny.

10. Admitted.

11. Admitted.

12. Denied - The vague use of word "opinion" make it impossible to admit or deny

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Plaintiff has insufficient information to admit or deny.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Plaintiff has insufficient information to admit or deny.

23. Admitted with the respect to basing information received from American Red Cross. All else denied.

24. Admitted

25. Insufficient facts make it impossible for plaintiff to admit or deny.

26. Admitted.

27. Multiple statement of facts make it impossible for plaintiff to admit or deny.

28. Admitted.

29. Denied. Plaintiff's statement taken out of context.

30. Admitted.

31. Admitted as to Chief Santoro speaking at Board of Education meeting on 2/28/01.

32. Admitted

33. Admitted.

34. Insufficient facts make it impossible for plaintiff to admit or deny.

35. Admitted

36. Insufficient facts make it impossible for plaintiff to admit or deny.

37. Insufficient facts make it impossible for plaintiff to admit or deny.

38. Insufficient facts make it impossible for plaintiff to admit or deny.

39. Insufficient facts make it impossible for plaintiff to admit or deny.

40. Insufficient facts make it impossible for plaintiff to admit or deny.

41. Admitted.

42. Insufficient facts make it impossible for plaintiff to admit or deny.

43. Denied.

44. Insufficient facts make it impossible for plaintiff to admit or deny.

45. Admitted.

46. Admitted.

47. Insufficient facts make it impossible for plaintiff to admit or deny.

48. Admitted.

49. Insufficient facts make it impossible for plaintiff to admit or deny.

50. Insufficient facts make it impossible for plaintiff to admit or deny.

51. Admitted.

52. Admitted as to writing of letter, but denied as to use of the word "accused".

53. Insufficient facts make it impossible for plaintiff to admit or deny.

54. Insufficient facts make it impossible for plaintiff to admit or deny.

55. Insufficient facts make it impossible for plaintiff to admit or deny.

56. Admitted.

57. Admitted.

58. Admitted.

### Section II.

1. The high school's athletic department was inadequately supervised by persons lacking the educational requirements mandated by law. (Plaintiff deposition Patricia Santoro 4/23/04 p. 48)

2. Dr. Storm made defamatory statements towards the plaintiff's in a newspaper article dated 4/13/01. (Plaintiff deposition Patricia Santoro 4/23/04 p. 56, Defendant Exhibit 2, 2/20/02)

3. Dr. Storm made defamatory statements towards the plaintiff's in a Memorandum dated March 21, 2001 presented to the Board of Education. (Plaintiff deposition Patricia Santoro 4/23/04 pp. 80-95)

4. Dr. Storm made defamatory statements towards the plaintiff's in a letter to Dr. Hilary Freedman dated August 13, 2001. (Plaintiff deposition Patricia Santoro 4/23/04 pp. 97-101)

5. The defendants chilled the plaintiff's first amendment right's with respect to appearing before the Branford Board of Education. (Plaintiff deposition Patricia Santoro 4/23/04 pp. 102-103, 109-111)

6. The plaintiff has other opinions as to the Athletic Directors job performance. (Plaintiff deposition of Chet Santoro 4/23/04 p. 185)

7. Plaintiff did not present her concerns to the Branford Public School Administration for fear of reprisals and intimidation. (Defendant Motion for Summary Judgment, 6/1/04, Exhibit J)

8. The Branford coaches and athletic directors did not have proper certification according to the records at the State Department of Education. (Plaintiff deposition Patricia Santoro 4/23/04 p. 43)

THE PLAINTIFFS

BY _____
TIMOTHY J. MAHONEY
Williams and Pattis, LLC
51 Elm St., Suite 409

New Haven, CT 06510
Juris No. 24651
203.562.9931
203.776.9494 (fax)
Their Attorney

## CERTIFICATION

A copy hereof was mailed, on the above date, via first-class mail, postage prepaid to:

Melanie A. Dillon, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

                                                                                      TIMOTHY J. MAHONEY